U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL - 5 2007
CLERK, U.S. DISTRICT COURT
By _____
       Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TRIPLE TEE GOLF, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:04-CV-302-A |
| | § | |
| NIKE, INC., ET AL., | § | |
| | § | |
| Defendants. | § | |

<u>MEMORANDUM OPINION</u>
and
<u>ORDER</u>

The court is revisiting the motion for summary judgment to which the court referred in the memorandum opinion and order signed in the above-captioned action on July 13, 2005. The final judgment of dismissal of claims of plaintiff, Triple Tee Golf, Inc., ("Triple Tee"), signed July 13, 2005, based on the rulings made in the memorandum opinion and order, was reversed by the United States Court of Appeals for the Fifth Circuit by a judgment issued as a mandate in May 2007. The explanations given for the reversal are found in the opinion reported as <u>Triple Tee Golf, Inc. v. Nike, Inc.</u>, 485 F.3d 253 (5th Cir. 2007).

For a description of Triple Tee's complaint, the court refers to the opinion of the Fifth Circuit and the section of the July 13, 2005, memorandum opinion titled "Plaintiff's Complaint." Most of the grounds of the motion for summary judgment are summarized under the heading "Grounds of the Motion" on pages 6-7 of the memorandum opinion. The court is making rulings at this

time as to the grounds directed to the implied breach of contract and Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA") claims.  The court failed to mention in the July 13, 2005, memorandum opinion another ground of the motion for summary judgment, and that is that there is no genuine issue of fact in support of the negligent misrepresentation claim asserted by Triple Tee in its third amended complaint.  The court is ruling on that ground in this memorandum opinion as well.

On the date of the signing of this memorandum opinion the court caused to be filed a joint pretrial order the parties submitted to the undersigned for consideration in advance of the pretrial conference that was conducted in this action on this date.  The court is taking into account the contents of the pretrial order.

The court has concluded that the motion for summary judgment should be granted as to the negligent misrepresentation, implied breach of contract, and DTPA claims for the reasons given below. Those rulings are being announced at this time so that the parties will know that they need not devote further attention to those claims in their trial preparation.  The court still has under consideration the other grounds assigned by defendants in support of their motion for summary judgment.

1.  <u>There is no Negligent Misrepresentation Claim</u>.

Triple Tee has abandoned the negligent misrepresentation claim it asserted in Count IV of its third amended complaint by not including it in the statement of its claims in the agreed pretrial order the parties presented to the court in late June 2007. Such a claim would not find support in the record of this case in any event. For such a claim to survive a motion for summary judgment, Triple Tee would have been required to adduce summary judgment evidence that (1) Tom Stites ("Stites"), on behalf of Impact Golf Technologies ("Impact"), made a representation in the course of their business, (2) the representation supplied false information to guide Triple Tee in its business affairs, (3) Stites did not exercise reasonable care or competence in obtaining or communicating the information, and (4) Triple Tee suffered pecuniary loss by justifiably relying on the information. <u>Great Plains Trust Co. V. Morgan Stanley Dean Witter & Co.</u>, 313 F.3d 305, 308 (5th Cir. 2002); <u>Federal Land Bank Ass'n of Tyler v. Sloane</u>, 825 S.W.2d 439, 442 (Tex. 1991). Here, Triple Tee is not relying on a representation in the sense contemplated by a negligent misrepresentation cause of action. Rather, it is relying on an alleged promise of future conduct. Even if the court were to assume that Stites made the promise of

3

confidentiality claimed by Triple Tee, there is no evidence that he did not intend when he made it to abide by it. If the negligent misrepresentation claim had not been abandoned, it nevertheless would be subject to summary disposition because of lack of evidence to support it.

2.  There is no Implied Breach of Contract Claim.

In Count III of its third amended complaint Triple Tee alleges a claim based on a contract implied in law and/or fact. Triple Tee has abandoned this claim as well by failing to include it in the description of its causes of action in the proposed pretrial order. Undoubtedly this claim was abandoned because it goes directly contrary to what Triple Tee represented in its opposition to the motion for summary judgment is the core of its case. In the introductory section of its opposition, Triple Tee explained:

> At the core of this case is what is it that Jack Gillig showed Tom Stites in their meeting in September 2000 and how that information was to be treated by Defendants. Jack Gillig says that he showed Tom Stites numerous drawings and disclosed various ideas relating to golf club technology in a confidential setting over a several hour period of time and left copies of these drawings with Tom Stites with the <u>express understanding</u> that they would be held in confidence. . . .

Opp'n at 1 (emphasis added). Thus, Triple Tee's claim is based on an express contract, not an implied one.

4

3.  <u>Triple Tee was not a "Consumer" Within the Meaning of the Texas Deceptive Trade Practices-Consumer Protection Act</u>.

All parties agree that for Triple Tee to have a claim against any of the defendants under the DTPA, Triple Tee would have to qualify as a "consumer" within the meaning of the act. This is consistent with the Fifth Circuit's application of the DTPA. <u>Meineke Disc. Muffler v. Jaynes</u>, 999 F.2d 120, 125 (5th Cir. 1993) (saying "[t]o proceed under the DTPA, a claimant must be a 'consumer'"). To be consumer within the meaning of the DTPA, Triple Tee "must (i) have sought or acquired goods or services by purchase or lease and (ii) show that these same goods or services form the basis of the DTPA complaint." <u>Id.</u> <u>See also</u> <u>Cameron v. Terrell & Garrett, Inc.</u>, 618 S.W.2d 535, 539 (Tex. 1981).

Here, according to the allegations of the third amended complaint, the services Impact agreed to furnish have to do with the manufacture or marketing of golf clubs. Triple Tee does not complain of the adequacy of Impact's performance of those services. Rather, the complaint is that Impact and Stites failed to live up to an alleged promise to keep information confidential. Triple Tee does not qualify as a "consumer" within

5

the meaning of the DTPA as to that complaint, with the result that its DTPA claim should be dismissed.

Because Triple Tee does not qualify as a "consumer," the court is not considering the other arguments of defendants as to why Triple Tee does not have a valid DTPA claim.

*   *   *   *   *   *

Therefore,

The court ORDERS that defendants' motion for summary judgment be, and is hereby, granted as to Triple Tee's negligent misrepresentation, implied breach of contract, and DTPA claims, and that such claims be, and are hereby, dismissed.

SIGNED July 5, 2007.

JOHN McBRYDE
United States District Judge