U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL 1 2 2007
CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TRIPLE TEE GOLF, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:04-CV-302-A |
| | § | |
| NIKE, INC., ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

This Memorandum Opinion and Order is the third rendered by the court on issues raised by the motion for summary judgment filed by defendants, Nike, Inc. ("Nike"), Tom Stites & Associates, Inc., formerly d/b/a Impact Golf Technologies, Inc., and John Thomas Stites, III ("Stites"). The first, signed July 13, 2005, granted the motion for summary judgment in its entirety. Plaintiff, Triple Tee Golf, Inc., appealed to the United States Court of Appeals for the Fifth Circuit, which reversed the judgment and remanded for further proceedings. The second, signed July 5, 2007, disposed against plaintiff three of plaintiff's claims--the negligent misrepresentation, the implied breach of contract, and the Texas Deceptive Trade Practices-Consumer Protection Act claims. The court, while having serious reservations concerning the merit of plaintiff's remaining claims, particularly as concerns Nike, has concluded that all

other grounds of the motion for summary judgment should be denied.

While there is disagreement between the parties concerning the intent and effect of the opinion of the Fifth Circuit reversing the July 13, 2005, judgment of this court, there is no denying that language used in the opinion suggests that, absent disposition of the case on the basis of an issue or issues not before the Fifth Circuit, the Fifth Circuit expects there to be a trial on at least one issue. The court believes that a proper interpretation of the opinion of the Fifth Circuit is that a genuine issue of material fact was raised by the summary judgment record as to whether defendants used any elements of plaintiff's design, as found in the "trade secrets" set forth in the opinion of the Fifth Circuit.[1] Of course, other issues have been presented by the parties that could affect the future handling of this case.

Issues that might well be revisited between now and the date of trial, or that could be the subject of a judgment as a matter of law during the trial process, include whether the facts justify imposition of liability against Nike even if one or both

---

[1] The only "trade secrets," as defined by plaintiff, at issue are set forth in the opinion of the Fifth Circuit. Triple Tee Golf, Inc. v. Nike, Inc., 485 F.3d 253, 257-259 (5th Cir. 2007). The Fifth Circuit noted that "the district court was correct in recognizing that all of [plaintiff's] claims were "'trade secrets'" claims, regardless of whether [plaintiff] chose to identify them as such. Id. at 267.

of the other defendants is found to be liable and whether plaintiff has the right to assert claims based on the September 2000 dealings between Jack Gillig and Stites. Other open questions include whether the "trade secrets," as defined by plaintiff, are, in fact, trade secrets.

Therefore,

The court ORDERS that the motion for summary judgment be, and is hereby, denied except to the extent granted by the Memorandum Opinion and Order signed July 5, 2007.

SIGNED July 12, 2007.

JOHN McBRYDE
United States District Judge